IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 8, 2013 Session

## GEORGE CAMPBELL, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 93-00428-29     James C. Beasley, Jr., Judge**

———————————

**No.  W2012-00566-CCA-R3-CO  - Filed June 25, 2013**

———————————

Petitioner, George Campbell, Jr., was convicted by a jury in Memphis of felony murder and aggravated assault and sentenced to life in prison in 1994.  *See State v. George Campbell, Jr.*, No. 02-C-01-9408-CR00165, 1996 WL 368224, at *1 (Tenn. Crim. App., at Jackson, June 28, 1996), *perm. app. denied*, (Tenn. Jan. 6, 1997).  His convictions and sentence were affirmed on direct appeal.  *Id.*  Petitioner later sought post-conviction relief on the basis of ineffective assistance of counsel.  The post-conviction court denied relief and this Court affirmed the decision of the post-conviction court.  *See George Campbell, Jr. v. State*, No. W2002-00703-CCA-R3-PC, 2001 WL 1042112, at *1 (Tenn. Crim. App., at Jackson, Sept. 10, 2001), *perm. app. denied*, (Tenn. Dec. 27, 2001).  Then Petitioner sought relief via the writ of habeas corpus on the basis that his convictions were void for various reasons.  The trial court denied relief and this Court affirmed the denial of habeas corpus relief on appeal. *See George Campbell, Jr. v. Bruce Westbrooks*, No. W2002-02086-CCA-R3-CO, 2003 WL 22309471, at *1 (Tenn. Crim. App., at Jackson, Oct. 6, 2003).  Petitioner also sought redress in the form of a motion of writ of error coram nobis in which he claimed that newly discovered evidence may have resulted in a different judgment at trial had the evidence been admitted at the trial.  *See George Campbell, Jr. v. State*, No. W2007-00820-CCA-R3-CO, 2008 WL 2219305, at *1 (Tenn. Crim. App., at Jackson, May 28, 2008).  This Court affirmed the dismissal of the petition for writ of error coram nobis on the basis that it was untimely and "nothing in the record implicate[d] any due process concerns that would require that the statute of limitations be tolled." *Id.* at *2.  Petitioner filed a second petition for writ of error coram nobis that is the subject of the appeal herein. After a hearing concerning the timeliness of the petition, the trial court entered an order finding that Petitioner's claims were barred by the one-year statute of limitations pertaining to coram nobis petitions and that due process did not require the rolling of the statute of limitations.  After a thorough review of the record, we agree with the determination made by the trial court.  The petition was filed more than one year after the judgment became final.  Further, Petitioner has shown no reason that due process would require the tolling of the statute.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., Joined.

Lance R. Chism, Memphis, Tennessee, for the appellant, George Campbell, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter, J. Ross Dyer, Assistant Attorney General; Amy P. Weirich, District Attorney General, and Kirby May, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

In 1994, Petitioner was convicted by a Shelby County Jury of felony murder and aggravated assault for events that occurred in 1991. Petitioner was involved with two other defendants, Vander Moore and Lontina McGary, in a series of robberies in Memphis and the surrounding area. Petitioner was described as the mastermind behind the robberies, one of which resulted in the death of Kevin McConico. *See State v. Campbell*, 1996 WL 368224, at *2. At trial, McGary testified as to Petitioner's involvement in the crimes. *Id.* at *5-6. There was also testimony that a truck with an African-American driver, registered to Petitioner, was sitting at an intersection near the robbery with the motor running. Two African-Americans were seen running from the scene of the murder to the truck. As a result of the convictions, Appellant was sentenced to an effective sentence of life in prison. *Id.* at *1.

On direct appeal from the convictions, Petitioner argued that the State withheld co-defendant McGary's statement prior to trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and Rule 16 of the Tennessee Rules of Appellate Procedure. *State v. Campbell*, 1996 WL 368224, at *2. Additionally, Petitioner complained of preaccusation delay, error in the admission of photographs of his truck, and the denial of the motion for judgment of acquittal. *Id.* at *3-6. This Court denied relief and the supreme court denied permission to appeal.

On January 5, 1998, Petitioner filed a petition for post-conviction relief. In the petition, Petitioner alleged ineffective assistance of counsel because trial counsel failed to contest the admissibility of a photograph of his truck, failed to prepare for trial, and failed to defend him at trial. Additionally, Petitioner argued that the trial court gave an improper jury instruction on reasonable doubt. After a hearing, the petition was denied by the post-

conviction court on March 20, 2000. This Court affirmed the denial of the petition for relief. *See Campbell v. State*, 2001 WL 1042112, at *1.

Petitioner then filed a petition for writ of habeas corpus in May of 2002. The petition alleged, inter alia, that his convictions were void because the trial court was without jurisdiction to render the judgment. The trial court summarily dismissed the petition in July of 2002 and this Court affirmed the dismissal of the petition, finding that the petition was filed in the improper court and Petitioner's arguments lacked merit. *Campbell v. Westbrooks*, 2003 WL 22309471, at *1.

Petitioner sought further relief through the writ of error coram nobis. In February of 2007, Petitioner filed his first petition for coram nobis relief. He alleged that in August of 2005 he received verbatim "transcripts of the only alleged prosecution witness, Lontina McGary, during the trial of Vand[e]r Moore (shooter)." Petitioner insisted that the testimony by McGary at the Vander Moore trial indicated that Petitioner's indictments were procured through fraud. *Campbell v. State*, 2008 WL 2219305, at *1. Petitioner claimed that he was unable to procure this evidence due to health issues. The trial court dismissed the petition as untimely. This Court affirmed that decision, determining that Petitioner presented no evidence of medical impairments that would have prevented his discovery of the evidence and, after a review of the transcript attached to the application for coram nobis relief and the direct appeal opinion, there was no evidence of fraud as alleged by Petitioner. *Id.* at *2.

Then, on November 16, 2010, Petitioner filed the petition for writ of error coram nobis which is the subject of this appeal. In the petition, Petitioner argued that the State: (1) failed to disclose a three-page statement made by McGary after Vander Moore's trial as well as a letter the District Attorney General's office sent to the parole board on her behalf; (2) witness statements of Tommy Williams and Carol White; and (3) police reports concerning similar robberies in which McGary was also a suspect. Petitioner claimed that he first became aware of these items in October of 2010 when he received the documents as part of a freedom of information request.

The trial court held a hearing on the timeliness of the petition. At the hearing, the State argued that Petitioner was aware of and, in fact, litigated the claims he now presented to the court in his petition either at trial, on appeal, and/or during post-conviction. Thus, the State alleged, the matters did not constitute newly-discovered evidence for purposes of coram nobis relief and should therefore be barred by the one-year statute of limitations. Further, the State insisted that due process concerns did not require tolling of the statute of limitations.

The trial court essentially agreed with the State's argument and determined that the petition for relief was untimely. Specifically, the trial court's order stated:

[Petitioner's] allegations were raised on direct appeal, were again litigated in a Petition for post conviction relief, in a petition for writ of habeas corpus and in a prior petition for writ of error coram nobis. The issues have always been the same. All of the prior courts have found that the issues have no merit. A review of the records in this case indicate that the issues alleged as newly discovered evidence were in fact litigated during the trial and at all subsequent hearings.

It is the finding of this Court after a thorough review of all of the prior proceedings that the issues in question are not newly discovered but in fact have been known to the petitioner since his trial. Further, that there is nothing to indicate that there has been any due process violation and as a result there is no basis for tolling the statute of limitations in this matter.

Petitioner filed a timely notice of appeal. On appeal, he insists that the trial court erred in denying the petition without an evidentiary hearing.

*Analysis*

On appeal, Petitioner insists that he is entitled to a hearing on his claims for coram nobis relief to determine whether the State withheld the documents in question and whether the bar of the statute of limitations would deprive Petitioner of the opportunity to present his claims at a meaningful time and in a meaningful manner. The State, on the other hand, argues that Petitioner does not present proof sufficient to overcome the untimeliness of the petition.

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. That statute provides, in pertinent part:

(b) The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

(c) The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

T.C.A. § 40-26-105 (b), (c). The writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). The "purpose of this remedy 'is to bring to the attention of the trial court some fact unknown to the court which if known would have resulted in a different judgment.'" *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1996)). The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. *Teague v. State*, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988), *overruled on other grounds by Mixon*, 983 S.W.2d at 671 n.13.

A petition for writ of error coram nobis must relate: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004); *Hart*, 911 S.W.2d at 374-75. Our supreme court has held that the following analysis applies to the determination of whether a petition can be successful on a petition for a writ of error coram nobis, "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different.'" *State v. Vasques*, 221 S.W.3d 514, 526 (Tenn. 2007) (quoting *State v. Vasques*, No. M2004-00166-CCA-R3-CD, 2005 WL 2477530 at *13 (Tenn. Crim. App. at Nashville, Oct. 7, 2005), *aff'd*, *Vasques*, 221 S.W.3d 526.

A petition for writ of error coram nobis must usually be filed within one year after the judgment becomes final. *See* T.C.A. § 27-7-103; *Mixon*, 983 S.W.2d at 670; *Freshwater*,160 S.W.3d at 553. It has been determined that a judgment becomes final, for purposes of coram nobis relief, thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670. It has been explained that:

The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories, as are the grounds for reopening a post-conviction petition. Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. Coram nobis claims therefore are singularly fact-

intensive. Unlike motions to reopen, coram nobis claims are not easily resolved on the face of the petition and often require a hearing. The coram nobis statute also does not contain provisions for summary disposition or expedited appeals . . . . Although coram nobis claims also are governed by a one-year statute of limitations, the State bears the burden of raising the bar of the statute of limitations as an affirmative defense. *See Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995).

*Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003).

Despite the statute of limitations, a trial court can consider an untimely petition if applying the statute of limitations would result in the denial of due process. *See Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001); *Burford v. State*, 845 S.W.2d 204, 209-10 (Tenn. 1992). The court should examine: (1) when the limitations period would normally have begun to run; (2) whether the grounds for relief arose after the limitations period normally would have commenced; and (3) if the grounds are later-arising, would a strict application of the limitations period deny the petitioner a reasonable opportunity to present the claim. *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

In the case herein, we agree with the trial court's assessment that the petition for writ of error coram nobis is untimely and that Petitioner does not present a due process violation that would toll the statute of limitations. The trial court commented:

[A]ll of these issues have been previously litigated on multiple occasions and there's no due process violation which would toll the statute of limitations. I feel the statute has run and I further feel that there's no valid basis for the writ. I don't find that the evidence that he's arguing is newly discovered - - A, is newly discovered or is in fact new that it's all old and so I'm of the opinion that he's not entitled to an evidentiary hearing.

Petitioner's convictions was affirmed on direct appeal on June 28, 1996, and the supreme court denied permission to appeal on January 6, 1997. Petitioner then sought post-conviction relief, the denial of which was affirmed by this Court on September 11, 2001. The supreme court denied permission to appeal on December 27, 2001. Petitioner sought habeas corpus relief; it was denied by the trial court and affirmed by this Court on October 6, 2003. Petitioner then sought coram nobis relief in February of 2007, almost four years later. Coram nobis relief was denied in May of 2008 and the petition for coram nobis relief at issue herein was not filed until November of 2010, clearly outside the one-year statute of limitations.

Further, we agree with the coram nobis court that Petitioner does not present sufficient evidence to establish that either he is entitled to relief or that the statute of limitations should be tolled to permit the late filing of his petition as he has not shown that he was "without fault" in failing to previously present this evidence or that the evidence was even newly discovered as there were references to McGary's identification of Petitioner as the perpetrator and her statement both in the direct appeal and post-conviction appeal. T.C.A. § 40-26-105; *Mixon*, 983 S.W.2d at 668. Petitioner was not only aware of McGary's second statement to police and potential receipt of a letter to the parole board, but utilized the knowledge of these items to try to impeach McGary's testimony at trial. As to Petitioner's claims that the State failed to provide him with statements of Tommy Williams and Carol White concerning the description of the getaway car, both Williams and White were questioned at trial about their identification of the truck. Finally, Petitioner has failed to show how evidence of other robberies would have been relevant and/or admissible at his own trial. Moreover, Petitioner has failed to demonstrate that the newly-discovered evidence may have resulted in a different judgment had the evidence been presented at trial. Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the coram nobis court is affirmed.

_____
JERRY L. SMITH, JUDGE